**Tomas A. Guterres, Esq. (State Bar No. 152729)**
**Jessica J. Mead, Esq. (State Bar No. 299050)**
**COLLINS COLLINS MUIR + STEWART LLP**
**1100 El Centro Street**
**South Pasadena, CA  91030**
**(626) 243-1100 – FAX (626) 243-1111**

*Exempt from payment of filing fee*

*pursuant to Gov. Code § 6103*

Attorneys for Defendants,

COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S
DEPARTMENT, LOS ANGELES COUNTY SHERIFF ALEX VILLANUEVA and
LOS ANGELES COUNTY SHERIFF'S SERGEANT LASS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| YOLANDA SANCHEZ, an individual, )<br><br>Plaintiff, )<br><br>v. )<br><br>COUNTY OF LOS ANGELES, LOS )<br>ANGELES COUNTY SHERIFF'S )<br>DEPARTMENT, LOS ANGELES )<br>COUNTY SHERIFF ALEX )<br>VILLANUEVA, in his official )<br>capacity, LOS ANGELES COUNTY )<br>SHERIFF'S DEPUTY MEDINA, in )<br>his individual and official capacity, )<br>LOS ANGELES COUNTY )<br>SHERIFF'S SERGEANT LASS, in his )<br>individual and official capacity, and )<br>DOES 1 TO 15, )<br>) | CASE NO. 2:20-cv-01146-DSF-PVC<br><br>*[Assigned to Judge Dale S. Fischer, Courtroom 7D)*<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT [Fed. R. Civ. Proc. 12(b)(6)]**<br><br>**DATE: April 20, 2020**<br>**TIME: 1:30p.m.**<br>**DEPT: Courtroom 7D**<br><br>*[Meet and Confer pursuant to L.R. 7-3 occurred March 6, 2020]* |

*22230*

i

| | |
|---|---|
| Defendants. | ) **Complaint Filed:** **02/04/20** |
| | ) **Trial Date:** **None** |
| | ) |
| | ) |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

PLEASE TAKE NOTICE that on April 20, 2020, at 1:30p.m. or as soon thereafter as this matter may be heard in Courtroom 7D of the above-entitled court, located at 350 West 1st Street, Los Angeles California, Defendants County of Los Angeles, Los Angeles County Sheriff's Department, Los Angeles County Sheriff Alex Villanueva, and Los Angeles County Sheriff's Sergeant Lass (collectively "County Defendants") will and hereby do move this Court for a dismissal on the grounds that Plaintiff Yolanda Sanchez's First Amended Complaint ("FAC") fails to state a claim on which relief can be granted against County Defendants. County Defendants move for dismissal pursuant to Federal Rule of Civil Procedure, Rule 12(b)(6), on the grounds that:

(1) As to Plaintiff's first claim for relief for violation of civil rights under 42 U.S.C. section 1983, the FAC fails to identify the nature of the alleged constitutional violation or claim for relief;

(2) As to Plaintiff's second claim for relief for violation of civil rights under 42 U.S.C. section 1983 for failure to intervene to protect pre-trial detainee in custody, the FAC fails to allege facts establishing that Sergeant Lass was deliberately indifferent to the safety of Nicholas Sanchez;

(3) As to Plaintiff's third claim for relief for unconstitutional custom, practice,

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030

or policy pursuant to section 1983, the FAC fails to allege a custom, practice or policy that was the moving force behind the alleged Constitutional violation. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691 (1978);

(4) As to Plaintiff's fourth claim for relief for inadequate training/policy of inaction pursuant to section 1983, the FAC fails to allege sufficient facts to establish that the failure to train gave rise to Plaintiff's alleged constitutional injury. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691 (1978);

(5) As to Plaintiff's third and fourth claim for relief against Los Angeles County Sheriff's Department brought under 42 U.S.C. section 1983, Los Angeles County Sheriff's Department is not a proper defendant because it is not a "person" under section 1983. *Garcia v. City of Merced*, 637 F.Supp.2d 731, 760 (E.D. Cal. 2008);

(6) As to Plaintiff's fifth claim for relief for conspiracy to violate civil rights, the FAC fails because it fails to identify the proper statute and fails to set forth a basis for section 1983 liability;

(7) As to Plaintiff's sixth claim for relief for negligence against Sgt. Lass, the FAC fails to set forth an appropriate statutory basis for relief;

(8) As to Plaintiff's sixth claim for relief for negligence and eighth claim for relief for failure to summon medial care under California Government Code

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030

**NTC OF MTN AND MTN TO DISMISS FAC**

1    section 845.6, Sgt. Lass is immune from liability because there are no facts

2    establishing that Sgt. Lass failed to take action when Nicholas Sanchez was

3    "in need of immediate medical care" within the meaning of Government

4    Code section 845.6. *Lawson v. Superior Court*, 180 Cal.App.4th 1372, 1384-

5    85 (2010);

6    (9) As to Plaintiff's seventh claim for relief under the Bane Act, Plaintiff fails to

7    allege facts with sufficient particularity to satisfy the Civil Code section 52.1

8    "coercion" requirement. *See Shoyoye v. County of Los Angeles*, 203 Cal.

9    App. 4th 947, 959-60 (2012).

10   This motion is made following the conference of counsel pursuant to L.R. 7-3

11   which took place on March 6, 2020.

12   ///

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

*22230*

**NTC OF MTN AND MTN TO DISMISS FAC**

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030

1    This motion is based on this notice of motion, the accompanying memorandum

2    of points and authorities, the pleadings and papers on file in this action, and on such

3    other matters as may be presented to the Court at the time of the hearing.

4    DATED:  March 16, 2020                COLLINS COLLINS MUIR + STEWART LLP

5

6    By: _____
         JESSICA J. MEAD
7        TOMAS A. GUTERRES
         Attorneys for Defendants,
8        COUNTY OF LOS ANGELES, LOS
         ANGELES COUNTY SHERIFF'S
9        DEPARTMENT, LOS ANGELES
         COUNTY SHERIFF ALEX
10       VILLANUEVA, and LOS ANGELES
         COUNTY SHERIFF'S SERGEANT
11       LASS

12

13

14

15

16

17

18

19

20

21

*22230*

**NTC OF MTN AND MTN TO DISMISS FAC**

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030

## <u>TABLE OF CONTENTS</u>

**PAGE**

I.     **INTRODUCTION**……………………………………………………...1

II.    **PLAINTIFF'S FAC DOES NOT ALLEGE A FACTUAL BASIS FOR RELIEF AGAINST COUNTY DEFENDANTS** ................................ 3

III.   **THE COMPLAINT MUST HAVE 'FACIAL PLAUSIBILITY' TO SURVIVE A MOTION TO DISMISS** ........................................................ 5

IV.   **PLAINTIFF'S SECTION 1983 CLAIMS AGAINST SGT. LASS MUST BE DISMISSED** ……………………………………………………..6

    A. The First Claim for Relief for Violation of Section 1983 Against Sgt. Lass Fails Because it Does Not Identify the Specific Constitutional Harm Being Alleged………………………………………………………………...6

    B. The Second Claim for Relief Against Sgt. Lass Fails to Establish Deliberate Indifference Because There Are No Facts Suggesting that Sgt. Lass Had Knowledge of a High Degree of Risk to Decedent or that Sgt. Lass's Inaction Caused Decedent's Injury……………………………………………………8

V.    **PLAINTIFF'S SECTION 1983 CLAIMS AGAINST THE ENTITY DEFENDANTS FAIL TO SET FORTH A BASIS FOR MONELL LIABILITY**…………………………………………………………..12

    A. Los Angeles County Sheriff's Department Cannot be Sued For a Section 1983 Claim Because it is Not a "Person" Under section 1983………………12

    B. Plaintiff's Third Claim for Unconstitutional Custom, Practice, or Policy against the Entity Defendants Fails to Identify a Policy, Custom, or Practice that is the 'Moving Force' Behind Plaintiff's Injury………………………………13

    C. Plaintiff's Fourth Claim for Inadequate Training Must Be Dismissed Because it Fails to Identify Repeated Instances of Misconduct………………17

VI.   **PLAINTIFF'S CONSPIRACY TO VIOLATE CIVIL RIGHTS CLAIM**

**COLLINS COLLINS**
**MUIR + STEWART** LLP
1100 El Centro Street
So. Pasadena, CA 91030

*22230*

vi

**NTC OF MTN AND MTN TO DISMISS FAC**

1

FAILS TO IDENTIFY THE PROPER STATUTE AND FAILS TO

2

ESTABLISH A CONSTITUTIONAL VIOLATION……………………19

VII.    SGT. LASS IS IMMUNE FROM LIABILITY ON THE STATE LAW

3

NEGLIGENCE AND FAILURE TO SUMMON MEDICAL CARE

4

CLAIMS………………………………………………………………….20

5

VIII.  PLAINTIFF'S BANE ACT CLAIM FAILS BECAUSE THERE ARE NO

FACTS ALLEGED TO ESTABLISH COERCION…………………..21

6

IX.    CONCLUSION………………………………………………………..23

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

*22230*

**NTC OF MTN AND MTN TO DISMISS FAC**

**COLLINS COLLINS MUIR + STEWART**LLP
1100 El Centro Street
So. Pasadena, CA 91030

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Albright v. Oliver,*
    510 U.S. 266 (1994) ............................................................................... 6

*Allen v. City of Sacramento,*
    234 Cal. App. 4th 41 (2015) ................................................................. 22

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ................................................................... 5, 16, 17

*Balistreri v. Pacifica Police Dep't,*
    901 F. 2d 696 (9th Cir. 1988) ................................................................ 5

*Bd. of the County Comm'rs v. Brown,*
    520 U.S. 397 (1997) .............................................................................. 16

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007) ........................................................................ 5, 17

*Berry v. Baca,*
    379 F.3d 764 (9th Cir. 2004) ............................................................... 14

*Calderia v. County of Kauai,*
    866 F.2d 1175 (9th Cir. 1989) ............................................................. 19

*Campbell v. Feld Entertainment, Inc.,*
    75 F.Supp.3d 1193 (N.D. Cal. 2014) ................................................... 21

*Castro v. County of Los Angeles,*
    833 F.3d 1060 (9th Cir. 2016) ........................................................... 8, 9

*Cavness v. Winch,*
    2018 WL 7247143 (N.D. Cal., Dec. 18, 2018, No. 14-CV-03403-
    EDL) ....................................................................................................... 9

*City of Canton, Ohio v. Harris,*
    489 U.S. 378 (1989) .............................................................................. 17

*Connick v. Thompson,*
    563 U.S. 51 (2011) ................................................................................ 17

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street

So. Pasadena, CA 91030

*Davis v. City of Ellensburg,*
    869 F.2d 1230 (9th Cir. 1989) ............................................................... 14

*Eastburn v Regional Fire Protection Authority,*
    31 Cal 4th 1175 (2003) ......................................................................... 20

*Fagbohungbe v. Caltrans,*
    Case No. 13-cv-03801-WHO, 2014 WL 644008 (N.D. Cal. Feb. 19,
    2014) ....................................................................................................... 7

*Flores v. County of Los Angeles,*
    758 F. 3d 1154 (9th Cir. 2014) ............................................................. 17

*Galen v. County of Los Angeles,*
    477 F.3d 652 (9th Cir. 2007) ................................................................ 14

*Gauvin v. Trombatore,*
    682 F. Supp. 1067 (N.D. Cal. 1988) ................................................. 7, 10

*Gillete v. Delmore,*
    979 F.2d 1342 (9th Cir. 1992) .......................................................... 14, 16

*Haygood v. Younger,*
    769 F. 2d 1350 (9th Cir. 1985) ............................................................... 6

*Henson v. City of Scottsdale,*
    No. CV-17-00339-PHX-GMS, 2017 WL 3315207 (D. Ariz. Aug. 3,
    2017) ....................................................................................................... 9

*Kentucky v. Graham,*
    473 U.S. 159 (1985) .............................................................................. 13

*Lawson v. Superior Court,*
    180 Cal.App.4th 1372 (2010) ............................................................... 20

*McDade v. West,*
    223 F.3d 1135 (9th Cir. 2000) .............................................................. 16

*Monell v. N.Y. City Dept. of Social Services,*
    436 U.S. 658 (1978) ....................................................................... *passim*

*Morales v. City of N. Las Vegas,*
    272 F. Supp. 3d 1216 (D. Nev. 2017) ................................................... 10

**NTC OF MTN AND MTN TO DISMISS FAC**

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030

*Moss v. U.S. Secret Service*,
    572 F. 3d 962 (9th Cir. 2009) ................................................................6

*Nelson v. County of Sacramento*,
    926 F.Supp.2d 1159 (E.D. Cal. 2013) .......................................... 12, 13

*Shoyoye v. County of Los Angeles*,
    203 Cal. App. 4th 947 (2012) ..............................................................22

*Trevino v. Gates*,
    99 F.3d 911 (9th Cir. 1999) .................................................................14

*Van Ort v. Estate of Stanewich*,
    92 F.3d 831 (9th Cir. 1996) .................................................................14

*Vasquez v. Cty. of Santa Clara*,
    No. 5:16-CV-05436-EJD, 2017 WL 6513647 (N.D. Cal. Dec. 20,
    2017)......................................................................................................10

*Watson v. State of California*,
    21 Cal.App.4th 836 (1993) ..................................................................21

*Young v. City of Visalia*,
    687 F.Supp.2d 1141 (E.D. Cal. 2009).......................................... 17, 18

**Federal Statutes**

42 U.S.C. § 1983 ...................................................................................*passim*

**State Stautes**

California Civil Code § 52.1.................................................................5, 22

California Civil Code § 1714................................................................5, 20

Government Code § 845.6.....................................................................5, 20

Government Code § 815.............................................................................20

Government Code § 844.6..........................................................................20

Government Code § 844.6(d) ......................................................................5

**NTC OF MTN AND MTN TO DISMISS FAC**

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

The claims asserted in the First Amended Complaint ("FAC") fail because Defendants cannot be held liable for an inmate's overdose on illegal drugs when Defendants had no reason to know that the overdose was occurring. Plaintiff, decedent Nicholas Sanchez's mother, alleges that her son was a pre-trial detainee awaiting trial for gang related crime in Los Angeles County's Men's Central Jail. Plaintiff alleges that while incarcerated other inmates forced Decedent to ingest a substance called "Molly", and as a result Decedent overdosed and ultimately died. There are no facts alleged in the FAC to suggest that Defendants County of Los Angeles, Los Angeles County Sheriff's Department, Los Angeles County Sheriff Alex Villanueva (collectively "Entity Defendants"), and Los Angeles County Sheriff Sergeant Lass (collectively "County Defendants") can be held liable for Decedent's overdose.[1]

Plaintiff's section 1983 claims and state law claims against Sgt. Lass fail because there are no facts to suggest that Sgt. Lass knew that Decedent faced a substantial threat of harm from other inmates or had ingested an illicit substance, let alone facts to suggest that Sgt. Lass knew that Decedent was overdosing.  Likewise, Plaintiff's section 1983 claims against the Entity Defendants fail because there are no specific factual allegations establishing that any County custom, policy, or practice was the

---

[1] The FAC also asserts claims against Los Angeles County Sheriff's Deputy Medina, but Plaintiff has yet to serve Deputy Medina.

*22230*

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030

**NTC OF MTN AND MTN TO DISMISS FAC**

1    moving force behind Decedent's death.  There are no facts alleged to indicate that there

2    has been any pattern of similar occurrences. Plaintiff's claim for conspiracy to violate

3    civil rights fails because there are no facts establishing a violation of civil rights

4    pursuant to section 1983.

5         In addition to the substantive defects with the FAC, the claims alleged involve

6    fatal procedural defects. The FAC fails to identify any constitutional violation or wrong

7    as the basis for the first claim for relief. That is, the first claim for relief merely asserts

8    "violation of civil rights—42 U.S.C. section 1983" without setting forth the nature of

9    the claim. The FAC also improperly asserts section 1983 claims against Los Angeles

10   County Sheriff's Department, even though a department does not qualify as a person

11   under section 1983. Furthermore, the FAC asserts the conspiracy to violate civil rights

12   claim pursuant to 42 U.S.C. section 1983, however section 1983 does not give rise to

13   a conspiracy to violate civil rights claim. Finally, the FAC fails to set forth a proper

14   statutory basis to assert a common law negligence claim against Sgt. Lass, a County

15   employee. Since Plaintiff has already had the opportunity to amend such defects

16   once—Plaintiff exercised her right to file an amended Complaint following meet and

17   confer efforts with County Defendants—Plaintiff should not be granted leave to amend

18   a second time. Accordingly, County Defendants request that the FAC be dismissed

19   with prejudice.

20   ///

21   ///

*22230*

**NTC OF MTN AND MTN TO DISMISS FAC**

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030

## II.    THE FAC DOES NOT ALLEGE A FACTUAL BASIS FOR RELIEF AGAINST COUNTY DEFENDANTS

Plaintiff brings the FAC because she alleges that Defendants allowed Decedent to overdose, and that his failure to receive timely medical attention contributed to his death. FAC at ¶23.  Plaintiff alleges that Decedent was incarcerated as a pre-trial detainee in the Los Angeles County Men's Central Jail in the latter-part of 2018. FAC at ¶13.  Decedent was charged with a gang related crime, and Plaintiff alleges that Decedent learned of rumors by inmates that he was cooperating with law enforcement against members of the same gang. FAC at ¶14. Plaintiff alleges that in November 2018, Deputy Medina harassed Decedent and threatened to prevent him from accessing meals and threatened to move him to a cell with members of a rival gang. FAC at ¶15. As a result, on November 28, 2018, Plaintiff filed a grievance about her son being harassed by LASD staff and spoke with Sgt. Lass about her grievance. FAC at ¶15.

Plaintiff alleges that in December 2018, Decedent was approached by members of the rival gang, who were housed in the 4700 unit.  FAC at ¶18.  Plaintiff alleges Decedent could not avoid the members of the rival gang because he was housed in the 4400 unit and on multiple occasions inmates from the 4700 unit were permitted to walk to the 4400 unit. FAC at ¶18.  Plaintiff alleges that Decedent was moved to the 4700 unit on December 28, 2018. FAC at ¶19.

Plaintiff alleges that on December 31, 2018, Decedent called her and stated that Defendants allowed the inmates to get drunk for New Years Eve. FAC at ¶20.  Plaintiff

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030

**NTC OF MTN AND MTN TO DISMISS FAC**

alleges that on January 1, 2019, Decedent called her and reported that his cellmate was throwing up and appeared to be overdosing on "two mollies" which Plaintiff alleges is a type of high powered ecstasy often mixed with other chemicals. FAC at ¶21.

On January 1, 2019, Plaintiff called Sgt. Lass and told him that her son's cellmate was overdosing, and that Sgt. Lass should remove Decedent from 4700 and have him tested for drugs. FAC at ¶22. Plaintiff alleges that Sgt. Lass told her he would handle it, but Decedent remained in 4700 and Defendants failed to monitor his cell. FAC at ¶22.

Decedent was found dead in 4700 on January 2, 2019. FAC at ¶23. Plaintiff alleges that on or around January 1 or January 2, 2019, unmonitored and hostile inmates forced Decedent to ingest substances that caused him to overdose. FAC at ¶23. Plaintiff alleges that since Defendants were not monitoring 4700 generally and Decedent's cell specifically, they were not aware that Decedent was in medical peril. FAC at ¶23. Plaintiff alleges that the slow response time and failure to receive timely medical attention contributed to Decedent's death. FAC at ¶23.

The FAC asserts the following claims against County Defendants: (1) violation of Civil Rights pursuant to 42 U.S.C. section 1983 against Sgt. Lass (and Deputy Medina and Does 1-15); (2) violation of Civil Rights pursuant to 42 U.S.C. section 1983 failure to intervene to protect pre-trial detainee in custody against Sgt. Lass (and Deputy Medina and Does 1-15); (3) Municipal liability –unconstitutional custom, practice or policy pursuant to 42 U.S.C. section 1983 against Entity Defendants; (4)

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030

4

**NTC OF MTN AND MTN TO DISMISS FAC**

1    Municipal Liability—Inadequate training/policy of inaction pursuant to 42 U.S.C.

2    section 1983 against Entity Defendants; (5) Conspiracy to violate civil rights pursuant

3    to 42 U.S.C. section 1983 against Sgt. Lass (and Deputy Medina and Does 1-15); (6)

4    negligence  pursuant to California Civil Code section 1714 and Government Code

5    section 844.6(d) against Sgt. Lass (and Deputy Medina and Does 1-15); (7) Bane Act

6    violation pursuant to California Civil Code section 52.1 against Sgt. Lass (and Deputy

7    Medina and Does 1-15); and (8) Failure to summon medical care pursuant to California

8    Government Code section 845.6 against Sgt. Lass (and Does 1-15).

9 **III.   THE COMPLAINT MUST HAVE 'FACIAL PLAUSIBILITY' TO**

10        **SURVIVE A MOTION TO DISMISS**

11    A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the

12    complaint.  Dismissal is proper where there is a "lack of a cognizable legal theory or

13    the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v.*

14    *Pacifica Police Dep't*, 901 F. 2d 696, 699 (9th Cir. 1988).

15    For a complaint to survive a motion to dismiss, "labels and conclusions," or "a

16    formulaic recitation of the elements of a cause of action" are not enough. *Bell Atlantic*

17    *Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Rather, a plaintiff must demonstrate that

18    a claim has facial plausibility by pleading "factual content that allows the court to draw

19    the reasonable inference that the defendant is liable for the misconduct alleged."

20    *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).  Taken collectively, for the FAC to survive

21    a motion to dismiss, "the non-conclusory factual content, and reasonable inferences

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030

**NTC OF MTN AND MTN TO DISMISS FAC**

from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F. 3d 962, 969 (9th Cir. 2009) (internal citations omitted).

## IV.   PLAINTIFF'S SECTION 1983 CLAIMS AGAINST SGT. LASS MUST BE DISMISSED

### a. The First Claim for Relief for Violation of Section 1983 Against Sgt. Lass Fails Because it Does Not Identify the Specific Constitutional Harm Being Alleged

Section 1983 is a method of vindicating federal rights conferred elsewhere. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Thus, to state a section 1983 claim, the plaintiff must allege that the defendants' conduct deprived him or her of a specific constitutional right. *Haygood v. Younger*, 769 F. 2d 1350, 1354 (9th Cir. 1985).

Here, Plaintiff's first claim for relief alleges violation of civil rights under 42 U.S.C. section 1983 against Sergeant Lass, Deputy Medina, and Does 1-15. FAC, Dkt. No. 17, at p. 12. The claim does not however, identify what specific constitutional or statutory right Plaintiff is attempting to vindicate. Instead, Plaintiff makes the broad and conclusory allegation that Defendants deprived her son "of his civil rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution when they subjected him to cruel and unusual punishment and acted with deliberate indifference and reckless disregard toward Mr. Sanchez's right to be free from unreasonable seizures, and afforded due process of law…" FAC, Dkt. No. 17, at para

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030

30. Plaintiff thus asserts several different conclusory alleged constitutional violations without specifying which violation forms the basis of her claim. County Defendants cannot discern from the allegations how the first claim for relief is different from the second, and what specific harm is being alleged. As a result, the first claim for relief fails to specify the legal basis on which relief may be granted.

Furthermore, the FAC fails to allege sufficient facts in support of the first claim for relief because it fails to identify what Sgt. Lass did to cause the alleged harm. When a plaintiff is suing multiple defendants, the "complaint must specify exactly what each separate defendant is alleged to have done to cause plaintiff harm." *Fagbohungbe v. Caltrans*, Case No. 13-cv-03801-WHO, 2014 WL 644008 (N.D. Cal. Feb. 19, 2014); *see also Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (holding that a plaintiff "must allege the basis of his claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2), which requires a short and plain statement of the claim to put defendants on sufficient notice of the allegations against them."). Here, there are no facts alleged in support of the first claim for relief that identify what each of the individual defendants allegedly did to harm Decedent. Accordingly, the first claim for relief must be dismissed.

///

///

///

///

22230

7

**NTC OF MTN AND MTN TO DISMISS FAC**

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030

**b. The Second Claim for Relief Against Sgt. Lass Fails to Establish Deliberate Indifference Because There Are No Facts Suggesting that Sgt. Lass Had Knowledge of a High Degree of Risk to Decedent or that Sgt. Lass's Inaction Caused Decedent's Injury.**

A pre-trial detainee's claim for failure to protect is analyzed under the due process clause of the Fourteenth Amendment. *Castro v. County of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016).  Pre-trial detainees have a due process right under the Fourteenth Amendment to be free from violence from other inmates. *Id*. To establish violation of that right, the plaintiff must show that officials acted with deliberate indifference. *Id*. at 1068. Thus, for a pre-trial detainee to state a failure to protect claim against an individual officer under the Fourteenth Amendment, the Ninth Circuit has held that a pre-trial detainee bears the burden of alleging facts establishing:

(1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;

(2) Those conditions put the plaintiff at substantial risk of suffering serious harm;

(3) The defendant did not take reasonable available measure to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and

(4) By not taking such measures, the defendant caused the plaintiff's injures.

*Id*. at 1071.

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030

Accordingly, to allege sufficient facts to survive dismissal of the failure to protect claim, the FAC must allege facts not only establishing intentional action by Sgt. Lass, but also facts establishing that Sgt. Lass was aware of a substantial risk. For example, in *Castro vs. County of Los Angeles*, the court found there was sufficient evidence to support a finding that the officers were deliberately indifferent to a substantial risk of serious harm to a pretrial detainee when the evidence established that the detainee was seriously injured by another inmate in a sobering cell and the officers knew that the detainee, who had been detained for the misdemeanor of public drunkenness, was too intoxicated to care for himself, the officers knew that the inmate placed with the detainee was enraged and combative, the officer's knew that the jail's policies forbade placing the two of them together in the same cell, and an officer failed to respond to the detainee banging on a window in the door of the cell despite being seated nearby. *Id*. at 1072.

In contrast, several other district courts analyzing failure-to-protect claims after the *Castro* decision found that while the plaintiff satisfied the intentional action element, there was insufficient evidence or allegations to establish awareness of a substantial risk. *Cavness v. Winch*, 2018 WL 7247143, at *7 (N.D. Cal., Dec. 18, 2018, No. 14-CV-03403-EDL).  For example, in *Henson v. City of Scottsdale*, a district court found that the defendant officer acted intentionally in failing to retrieve an arrestee's medication, but dismissed the claim because the plaintiff failed to show that the officer was aware of a substantial risk from her failure to receive her medicine. *Henson v. City*

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030

*of Scottsdale*, No. CV-17-00339-PHX-GMS, 2017 WL 3315207, at *7 (D. Ariz. Aug. 3, 2017).  Likewise, in *Morales v. City of N. Las Vegas*, the district court found that the officers acted intentionally when they placed an inmate who was killed by his cellmate in a cell with another inmate rather than in general population, but dismissed the claim when there was no evidence of substantial risk. *Morales v. City of N. Las Vegas*, 272 F. Supp. 3d 1216, 1222 (D. Nev. 2017).  Further, in *Vasquez v. County of Santa Clara*, a district found that while the defendant officer acted intentionally by placing an inmate in general population instead of a special unit, summary judgment was appropriate because there was no evidence that the inmate posed an immediate risk of suicide. *Vasquez v. Cty. of Santa Clara*, No. 5:16-CV-05436-EJD, 2017 WL 6513647, at *3 (N.D. Cal. Dec. 20, 2017).

Similarly, here, the FAC does not allege any facts to suggest that Sgt. Lass was aware of a substantial risk to Decedent at the time of Decedent's overdose. As an initial matter, there are no facts alleged as to Sgt. Lass's knowledge or conduct in support of the second claim for relief whatsoever, and the claim should be dismissed on that basis alone. *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988)(the plaintiff must allege the basis of the claim against each individual defendant).

Even considering all allegations in the FAC however, the facts alleged establish that a reasonable officer in Sgt. Lass's position would not be aware that Decedent faced a substantial risk of overdosing or faced a substantial risk of harm by

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030

**NTC OF MTN AND MTN TO DISMISS FAC**

1    the other inmates. Plaintiff alleges that on November 28, 2018, she "filed a grievance

2    related to her son being harassed by *LASD staff*" and in making the complaint, Plaintiff

3    "recalls speaking to a Sergeant Lass." FAC at ¶15.  Plaintiff thus complained to Sgt.

4    Lass that Plaintiff was being harassed by LASD—she did not report that Plaintiff was

5    being harassed by fellow inmates of a rival gang. Plaintiff also alleges that while

6    Decedent was in the 4400 unit, he could not avoid inmates from the rival gang housed

7    in the 4700 unit because inmates housed in 4700 were, on multiple occasions,

8    permitted to walk to 4400 where Decedent was housed. FAC at ¶18.  The FAC does

9    not allege any facts to suggest that Sgt. Lass was aware that inmates from the 4700 unit

10   posed a threat to Decedent during this period, or that they posed any threat to Decedent

11   after Decedent was transferred to the 4700 unit on December 28, 2018. See FAC at

12   ¶¶18-19.

13        Moreover, the FAC does not allege any facts to establish that a reasonable

14   officer in Sgt. Lass's position would have appreciated a high degree of risk of Decedent

15   overdosing on January 2, 2019.  Plaintiff alleges that on *January 1, 2019* she spoke to

16   Sgt. Lass telephonically and told him that he son's *cellmate* was overdosing. FAC at

17   ¶22.  Plaintiff did not tell Sgt. Lass that Decedent was overdosing or that she was

18   concerned that other inmates would injure Plaintiff. Plaintiff's January 1, 2019

19   telephone call to Sgt. Lass, coupled with the absence of facts to suggest that Sgt. Lass

20   had knowledge that the rival gang inmates at 4700 posed a high degree of risk of

21   Plaintiff, establish that Plaintiff failed to meet her burden of alleging facts sufficient to

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030

**NTC OF MTN AND MTN TO DISMISS FAC**

1  satisfy the third element of a failure to prevent claim. The second claim for relief

2  against Sgt. Lass must be dismissed for that reason alone.

3    Furthermore, the FAC fails to allege facts to satisfy the fourth element—that

4  by failing to take measures Sgt. Lass failed to prevent Decedent's injuries. Plaintiff

5  alleges that when she contacted Sgt. Lass on January 1, 2019 to advise him about

6  Decedent's cellmate, she told Sgt. Lass that he should remove Decedent from 4700

7  and have him tested for drugs immediately. FAC at ¶22.  Plaintiff alleges however that

8  Decedent was "forced by unmonitored and hostile inmates to ingest substances…" "on

9  or around January 1 *or January 2, 2019*." Thus, even if Sgt. Lass had immediately

10  removed Decedent from 4700 after receiving the call from Plaintiff on January 1, and

11  had him tested for substances, based on Plaintiff's own allegations the other inmates

12  could have forced Decedent to ingest substances after Decedent was returned to his

13  cell. FAC at ¶23.  Plaintiff's claim for failure to intervene thus fails to state sufficient

14  facts to satisfy the required elements of the claim and therefore must be dismissed.

15  **V. PLAINTIFF'S SECTION 1983 CLAIMS AGAINST THE ENTITY**

16    **DEFENDANTS FAIL TO SET FORTH A BASIS FOR MONELL**

17    **LIABILITY**

18   **a. Los Angeles County Sheriff's Department Cannot be Sued For a**

19    **Section 1983 Claim Because it is Not a "Person" Under section 1983.**

20    Under 42 U.S.C. section 1983, "persons" includes municipalities but not

21  municipal departments. *Nelson v. County of Sacramento*, 926 F.Supp.2d 1159, 1170

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030

**NTC OF MTN AND MTN TO DISMISS FAC**

(E.D. Cal. 2013).  Plaintiff asserts her third claim for relief for unconstitutional custom, practice or policy under section 1983 against "Entity Defendants." Plaintiff identifies the "Entity Defendants" as County, Los Angeles Sheriff's Department, and Villanueva. FAC at ¶43.  Plaintiff sues Los Angeles County Sheriff Alex Villanueva in his official capacity. A suit against Sheriff Villanueva in his official capacity is equivalent to a suit against County.  *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).   Since Los Angeles County Sheriff's Department is a subdivision of a local government entity (Los Angeles County), the Sheriff's Department is not a proper defendant for purposes of Plaintiff's section 1983 claims. *Nelson*, 926 F.Supp.2d at 1170.  Plaintiff does not assert any other claims against the Sheriff's Department. Accordingly, the Sheriff's Department must be dismissed as a defendant from the action.

  **b.  Plaintiff's Third Claim for Unconstitutional Custom, Practice, or Policy against the Entity Defendants Fails to Identify a Policy, Custom, or Practice that is the 'Moving Force' Behind Plaintiff's Injury**

   To state a claim against the Entity Defendants under 42 U.S.C. § 1983, Plaintiff must plead facts sufficient to show that they caused the tort by way of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. N.Y. City Dept. of Social Services*, 436 U.S. 658, 691 (1978).  "[A] municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat*

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030

**NTC OF MTN AND MTN TO DISMISS FAC**

1   *superior* theory." *Id.*  Thus, "a local government may not be sued under § 1983 for an

2   injury inflicted solely by its employees or agents."  *Id.* at 694.

3   The following conditions must be met to establish municipal liability under 42

4   U.S.C. § 1983: "(1) that [the plaintiff] possessed a constitutional right of which he was

5   deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to

6   deliberate indifference' to the plaintiff's constitutional right; and (4) that the policy is

7   the 'moving force behind the constitutional violation.'"  *Van Ort v. Estate of*

8   *Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996), citing *Oviatt v. Pearce*, 954 F.2d 1470,

9   1474 (9th Cir. 1992); *see also Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th

10   Cir. 2007).

11   It is Plaintiff's burden to show that the County instituted and maintained a policy

12   that caused her to suffer a violation.  *See Berry v. Baca*, 379 F.3d 764, 767 (9th Cir.

13   2004).   To meet this burden, Plaintiff must show "the existence of a widespread

14   practice that…is so permanent and well settled as to constitute a 'custom or usage'

15   within the force of law."  *Gillete v. Delmore*, 979 F.2d 1342, 1349 (9th Cir. 1992).

16   Plaintiff's burden is not met by a single instance of behavior by a non-policy making

17   employee.  *See Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1999); *see also Davis v.*

18   *City of Ellensburg*, 869 F.2d 1230, 1233-1234 (9th Cir. 1989).  Plaintiff does not cite

19   to any evidence that the County had a custom or practice that was "so permanent and

20   well-settled as to constitute a 'custom or usage' with the force of law."  *Monell*, 436

21   U.S. at 691.

**COLLINS COLLINS
MUIR + STEWART** LLP
1100 El Centro Street

So. Pasadena, CA 91030

Here, Plaintiff conclude the County maintained or permitted the following practices and policies:

a. Failing to adequately train, supervise, and control custodians of jail inmates in the proper recognition of dangerous inmates in hostile situations;

b. Failing to adequately train, supervise, and control custodians of jail inmates in properly monitoring, deterring, controlling and responding to abuse of inmates by other inmates, and medical emergencies faced by inmates and detainees;

c. Failing to establish policies and procedures that enable identification and separation of hostile inmates from pretrial detainees that MCJ staff know, or should know, are rumored by other MCJ inmates to be cooperating with law enforcement;

d. Failing to adequately train, supervise, and control custodians of jail inmates in the proper response to threats of violence, and complaints about threatened violence and/or hostile situations;

e. Failing to maintain video monitoring/surveillance of inmate areas, such as cell-blocks and cells to ensure safety of inmates, especially those that might be unable to care for themselves;

f. Failing to maintain audio monitoring/surveillance of single cells, double-occupancy cells, dormitories, and dayrooms, with audio monitoring

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030

**NTC OF MTN AND MTN TO DISMISS FAC**

capable of alerting personnel who could respond immediately;

g. Failing to establish policies and procedures to reduce the risk of inmate injury by providing for immediate response to inmate threats of violence and inmate medical emergencies;

h. Failing to respond to complaints or grievances filed against LASD deputies;

i. Failure to respond to complaints that an inmate or detainee is in immediate physical danger.

FAC at ¶43.  While the FAC then alleges a kitchen-sink of conclusory policies, it fails to allege facts to establish that any of these policies are "so permanent and well settled as to constitute a 'custom or usage' with the force of law" (*Gillette*, 979 F.2d at 1349; *see also Monell*, 436 U.S. at 691), or that these policies were the "moving force" behind the constitutional violations alleged by Plaintiff. *Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997).  A direct causal connection exists only if the alleged constitutional violation was a foreseeable result of the municipality's policy.  *See McDade v. West*, 223 F.3d 1135, 1142 (9th Cir. 2000).  Plaintiff alleges no specific factual allegations to suggest that Plaintiff's injury was a foreseeable result of any of the identified conclusory policies.

These allegations amount to nothing more than mere threadbare allegations that track the required elements of a *Monell* claim and are not supported by well-pleaded facts.  Plaintiff fails to meet the standard set out in *Ashcroft v. Iqbal*, 556 U.S. 662, 679

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030

**NTC OF MTN AND MTN TO DISMISS FAC**

by only pleading conclusory allegations against the County without specific facts that identify what custom, practice, or policy was the moving force behind the alleged constitutional violations. The FAC thus fails to allege sufficient facts to plausibly state a valid section 1983 claim against the Entity Defendants. Therefore, the third claim for relief must be dismissed.

### c. Plaintiff's Fourth Claim for Inadequate Training Must Be Dismissed Because it Fails to Identify Repeated Instances of Misconduct

Failure to train is the most difficult basis to establish a municipality's *Monell* liability. *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Failure to train will only serve as the basis of section 1983 liability when the municipality's failure to train its employees amounts to a deliberate indifference of the constitutional rights of the persons whom the municipality's employees come into contact with. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). To satisfy the stringent "deliberate indifference" standard, the plaintiff must allege and prove "that a municipal actor disregarded a known or obvious consequence of his action." *Connick*, 563 U.S. at 61.

Generally, a plaintiff must allege and prove a "pattern of similar constitutional violations by untrained employees" to establish the deliberate indifference necessary to state a section 1983 failure to train claim. *Flores v. County of Los Angeles*, 758 F. 3d 1154, 1159 (9th Cir. 2014). In *Young v. City of Visalia*, 687 F.Supp.2d 1141 (E.D. Cal. 2009), the Eastern District of California interpreted the Supreme Court's decisions in *Iqbal* and *Twombly* and addressed the use of conclusory allegations against a public

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030

entity in a section 1983 case.  The court explained that "[a]lthough they may provide the framework of the complaint, legal conclusions are not accepted as true and threadbare recitals of elements of a cause of action, supported by mere conclusory statements do not suffice."  *Id*. at 1149.  As in the case at issue, the plaintiff in *Young* attempted to allege §1983 liability against a public entity on a theory of inadequate training and hiring practices.  *Id.* at 1149.  The court found the plaintiff's allegations deficient because the complaint failed to "identify what the training and hiring practices were, how the training and hiring practices were deficient, or how the training and hiring practices caused the plaintiff's harm."  *Id.*  The court explained that "without identifying the training and hiring practices, how those practices were deficient, and without an identification of the obviousness of the risk involved, the Court cannot determine if a plausible claim is made for deliberately indifferent conduct.  Because the Complaint contains insufficient facts that plausibly indicate a valid *Monell* claim, dismissal is appropriate.  *Id.* at 1150.

Here, like the plaintiff in *Young*, Plaintiff does not allege any facts to identify what the Entity Defendant's training practices were, how the training practices were deficient, or how the practices resulted in Plaintiff's harm. Instead, Plaintiff merely lists the same conclusory policies alleged in support of her third claim for relief.  See FAC ¶¶43, 51.  Moreover, Plaintiff does not allege that there were any other similar constitutional violations by untrained employees. While Plaintiff alleges that Decedent's cellmate "was throwing up and apparently overdosing", there are no facts

1   alleged to suggest that Plaintiff's cellmate suffered any injuries other than throwing

2   up, or to suggest that Plaintiff's cellmate was not treated. FAC at ¶21.  In fact, the FAC

3   does not even allege any facts to suggest that Plaintiff's cellmate was forced to ingest

4   any substances.  As a result, Plaintiff fails to allege sufficient facts to state a claim

5   under section 1983 for failure to train against the Entity Defendants. Plaintiff's fourth

6   claim for relief must therefore be dismissed.

7   **VI.   PLAINTIFF'S CONSPIRACY TO VIOLATE CIVIL RIGHTS**

8   **CLAIM FAILS TO IDENTIFY THE PROPER STATUTE AND**

9   **FAILS TO ESTABLISH A CONSTITUTIONAL VIOLATION**

10   Plaintiff asserts her fifth claim for relief for conspiracy to violate civil rights

11   against Sgt. Lass (and Deputy Medina and Does 1-15) pursuant to 42 U.S.C. section

12   1983. Section 1983 however does not provide a basis to recover for conspiracy to

13   violate civil rights. Plaintiff's fifth claim for relief must be dismissed on that basis

14   alone.

15   Assuming Plaintiff intended to assert a conspiracy to violate civil rights claim

16   pursuant to section 1985, that claim would also fail because, as set forth above, Plaintiff

17   failed to allege facts establishing that her constitutional rights were violated pursuant

18   to section 1983. *See Calderia v. County of Kauai*, 866 F.2d 1175, 2282-82 (9th Cir.

19   1989)(finding that the absence of a section 1983 deprivation of rights precludes a

20   section 1985 conspiracy claim). Accordingly, Plaintiff's fifth claim for relief must be

21   dismissed.

**NTC OF MTN AND MTN TO DISMISS FAC**

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030

## VII.   SGT. LASS IS IMMUNE FROM LIABILITY ON THE STATE LAW NEGLIGENCE AND FAILURE TO SUMMON MEDICAL CARE CLAIMS

In California, direct tort liability of public employees must be based on a specific statute rather than general tort provisions. *Government Code* section 815, *Eastburn v Regional Fire Protection Authority*, 31 Cal 4th 1175, 1179-83 (2003). In support of her negligence claims, Plaintiff alleges that the individual defendants are liable pursuant to Government Code section 844.6 and Civil Code section 1714. Government Code section 844.6 however merely provides that nothing in the section exonerates a public employee from liability. It does not provide a statutory basis for liability for negligence. Further, Civil Code section 1714 merely provides the statute concerning negligence generally; it does not provide a statutory basis for government employees to be held liable for negligence. Accordingly, Plaintiff's negligence claim against the individually named defendants must be dismissed.

Furthermore, even if Plaintiff did properly allege a negligence claim, Sgt. Lass would nevertheless be immune from liability from the negligence claim and failure to summon medical care claim. Pursuant to Government Code section 844.6 and section 845.6, Sgt. Lass is not liable for any injury to Plaintiff unless he failed to take action when Decedent was "in need of immediate medical care" within the meaning of Government Code section 845.6. *Lawson v. Superior Court*, 180 Cal.App.4th 1372, 1384-85 (2010). Liability under section 845.6 is limited to serious and obvious medical

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030

**NTC OF MTN AND MTN TO DISMISS FAC**

1  conditions requiring immediate care. *Watson v. State of California*, 21 Cal.App.4th

2  836, 841 (1993).  The duty to provide medical care to prisoners only applies to cases

3  where "there is *actual or constructive knowledge* that the prisoner is in need of

4  immediate medical care." *Id*.

5       Here, there are no facts alleged to suggest that Sgt. Lass failed to take action

6  when he had actual or constructive knowledge that Decedent was in need of immediate

7  medical care. There are no facts alleged to suggest that Sgt. Lass had actual or

8  constructive knowledge that Decedent was overdosing, let alone facts to suggest that

9  Sgt. Lass had actual or constructive knowledge that Decedent had ingested substances.

10  If anything, Plaintiff's January 1, 2019 telephone call gave Sgt. Lass actual knowledge

11  that Decedent's cell mate was in need of immediate medical care, but it did not provide

12  any such notice as to Decedent. See FAC at ¶22.  Accordingly, Plaintiff's sixth and

13  eighth claims for relief must be dismissed.

14  **VIII.  PLAINTIFF'S BANE ACT CLAIM FAILS BECAUSE THERE ARE**

15  **NO FACTS ALLEGED TO ESTABLISH COERCION**

16       The FAC does not state facts sufficient to support a Bane Act Claim.  To state a

17  claim under the Bane Act, Plaintiff must allege and prove two elements: "(1)

18  Defendants interfered with Plaintiffs' constitutional or statutory rights; and (2) that

19  interference was accompanied by actual or attempted threats, intimidation, or

20  coercion." *Campbell v. Feld Entertainment, Inc.*, 75 F.Supp.3d 1193, 1211 (N.D. Cal.

21  2014) (internal citations omitted).  As set forth above, Plaintiff failed to satisfy the first

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030

1  element because Plaintiff failed to allege facts to establish that Sgt. Lass violated her

2  constitutional rights.

3      Even if Plaintiff did allege sufficient facts to establish that her constitutional

4  rights were violated, her Bane Act claim would still fail because Plaintiff failed to

5  allege any facts to establish coercion. To state a claim under the Bane Act, Plaintiff

6  must plead with sufficient particularity that Decedent was subjected to threats,

7  intimidation or coercion independent of the alleged constitutional violation. *Shoyoye*

8  *v. County of Los Angeles*, 203 Cal. App. 4th 947, 959-60 (2012). *Allen v. City of*

9  *Sacramento*, 234 Cal. App. 4th 41, 69 (2015) ("conclusory allegations of 'forcible' and

10  'coercive' interference with plaintiffs' constitutional rights are inadequate to state a

11  cause of action for violation of section 52.1").

12      Here, Plaintiff did not include any allegations that Sgt. Lass specifically used

13  any threat of force or actual force as to Decedent. In fact, Plaintiff did not allege any

14  facts concerning the threat of force or actual force in support of the Bane Act claim

15  whatsoever. Accordingly, Plaintiff's seventh claim for relief must be dismissed.

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

*22230*

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030

**NTC OF MTN AND MTN TO DISMISS FAC**

## IX.   CONCLUSION

For the forgoing reasons, each of Plaintiff's claims against County Defendants must be dismissed.

DATED:  March 16, 2020                    COLLINS COLLINS MUIR + STEWART LLP

By: _____
JESSICA J. MEAD
TOMAS A. GUTERRES
Attorneys for Defendants,
COUNTY OF LOS ANGELES, LOS
ANGELES COUNTY SHERIFF'S
DEPARTMENT, LOS ANGELES
COUNTY SHERIFF ALEX
VILLANUEVA, and LOS ANGELES
COUNTY SHERIFF'S SERGEANT
LASS

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030